IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00987-BNB

MICHAEL KECK,

    Plaintiff,

v.

CARL ZENON,
STEVEN HARTLEY,
EUGENE GONZALES, and
LT. R. STEINBECK, in individual and official capacities,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 1 2007

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Michael Keck, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for money damages and declaratory and injunctive relief. He also asserts jurisdiction pursuant to additional statutes. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Keck is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Keck will be ordered to file an amended complaint.

The Court has reviewed Mr. Keck's complaint and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Keck's complaint is prolix. The complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. ***See*** Fed. R. Civ. P. 8(a)(2). The complaint also fails to allege which claims are asserted pursuant to which statute. Because Mr. Keck groups his thirty-six paragraphs of allegations into one, long, continuous claim, the Court is unable to determine whether Mr. Keck is complaining

both about the disciplinary hearings that lead to his 2004 convictions on disciplinary charges for assault and use of alcohol and about his classification and placement in segregation, or only about his classification and placement in segregation. He fails to allege the length of his classification and placement in administrative segregation, including whether he still is classified and placed in administrative segregation. He contends that his due process and equal protection rights have been violated. However, he fails to provide factual allegations in support of his equal protection claims.

Rather than summarizing each claim succinctly, Mr. Keck apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Keck's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Keck must assert, simply and concisely, his specific claims for relief, including the statutory basis for those claims, the specific rights that allegedly have been violated, and the specific acts of each Defendant that allegedly violated his rights.

Mr. Keck also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Keck must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on

3

a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Keck should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Keck is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Keck should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Keck file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Keck, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Keck submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Keck fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 1, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00987-BNB

Michael Keck
Prisoner No. 80976
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

  I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 6/1/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk