IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00987-WYD-KMT

MICHAEL KECK,

    Plaintiff,

v.

STEVEN HARTLEY,
EUGENE GONZALES, and
LT. TIM RITTER,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case involves claims of violations of Plaintiff's Fourteenth Amendment rights of due process and equal protection by Defendants. This matter is before the court on the "Motion to Dismiss of Defendants Hartley and Gonzales" filed July 24, 2007 (Doc. No. 21).

**FACTUAL BACKGROUND**

*1.*    *Facts*

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff alleges that Defendants violated his Fourteenth Amendment due process and equal protection rights. (Pl.'s Am. Prisoner Compl. [filed June 11, 2007] [hereinafter "Am. Compl."].) Plaintiff seeks money damages and injunctive relief. (Am. Compl. at 14.)

According to Plaintiff, while incarcerated at Arkansas Valley Correctional Facility [hereinafter "AVCF"], he appealed his administrative segregation [hereinafter "ad. seg."] status on August 1, 2004. (Am. Compl. at 4; Ex. 1, Offender Appeal Form.) On August 2, 2004, the warden, Defendant Steven Hartley, modified Plaintiff's status and wrote that Plaintiff's ad. seg. status would be reviewed by CM III for placement to a level IV facility. (*Id.*) This review was completed on August 25, 2004, at which time a committee stated that Plaintiff's placement in a level IV facility appeared appropriate. (*Id.*; Ex. 2, Admin. Segregation Hr'g Review form.) On August 30, 2004, Defendant Hartley approved the committee's decision. (*Id.*) Plaintiff asserts he was released from ad. seg. on August 30, 2004. (Am. Compl. at 4.) The Administrative Segregation Hearing Review form never was signed and reviewed by Offender Services. (Ex. 2.) Plaintiff states he was accused of drinking alcohol on September 17, 2004, about three weeks after he was released back into the general population at AVCF. (Am. Compl. at 4, 9.) The hearing for this rule violation was held on September 24, 2004. (Am. Compl. at 9.) The hearing officer was Defendant Ritter. (*Id.*) Plaintiff states Defendant Ritter did not allow him the opportunity to call witnesses or present other evidence and relied only on the statement of another officer who stated she smelled alcohol on Plaintiff's breath. (*Id.* at 11–12.) Plaintiff also alleges a biased witness was allowed to sit in on the disciplinary hearing, making the hearing unfair, biased, and unconstitutional. (*Id.* at 12.) Plaintiff was given twenty days' punitive segregation. (*Id.* at 4.) According to Plaintiff, on October 10, 2004, the twenty days' punitive segregation was complete, but he was returned to ad. seg. without a hearing. (*Id.*) Plaintiff states he has been in ad. seg. since October 10, 2004. *(Id.* at 5.) Plaintiff alleges that Defendant Gonzales removed

2

documents from his case file in an effort to hide the fact that he had been removed from ad. seg. (*Id.* at 7.) Plaintiff asserts Defendants Hartley and Gonzales violated his rights to due process and equal protection by placing him into ad. seg. after completion of his punitive segregation without a hearing and then trying to cover it up or hide it. (*Id.* at 7.) Plaintiff also contends Defendant Ritter violated his constitutional rights by finding him guilty of a rule violation without sufficient evidence and witnesses. (*Id.* at 12.)

Defendants Hartley and Gonzales assert that Plaintiff is seeking to re-litigate matters that were dismissed as legally frivolous on February 15, 2007, in case number 06-cv-02564-ZLW. (Mot. to Dismiss of Defs. Hartley and Gonzales at 1–5 [filed July 24, 2007] [hereinafter "Defs.' Br."].) Defendants contend that the only differences in the Complaint filed in that case and the Amended Complaint filed in this case are that (1) Plaintiff makes an additional claim that the procedures of his September 24, 2004, hearing were constitutionally deficient, and (2) Defendant Ritter has been added as a defendant in place of another defendant. (*Id.* at 2.) Defendants Hartley and Gonzales argue that Plaintiff's Amended Complaint should be dismissed because (1) Plaintiff is barred by collateral estoppel from re-litigating the same issues previously dismissed in the 2006 case; (2) Plaintiff is barred by res judicata from re-litigating the same issues previously dismissed in the 2006 case; and (3) Plaintiff's claims are barred by the two-year statute of limitations applicable to civil rights claims. (*Id.* at 3–7.) Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

3

*2.     Procedural History*

Plaintiff's original Prisoner Complaint in this case was filed May 14, 2007. (Compl.) The court ordered Plaintiff to file an amended complaint complying with the pleading requirements of Fed. R. Civ. P. 8. (Order Directing Plaintiff to File Am. Compl. [filed June 1, 2007].) On June 11, Plaintiff filed his Amended Prisoner Complaint. (Am. Compl.) On July 24, 2007, Defendants Hartley and Gonzales filed a motion to dismiss. (Defs.' Br.) On August 9, 2007, Plaintiff filed his response. (Pl.'s Mot. to Object to Dismissal and Resp. to Defs.' Mot. to Dism. [hereinafter "Pl.'s Resp."].) On August 22, 2007, Defendants replied in support of their motion. (Reply Br. in Supp. of Defs.' Mot. to Dism. [hereinafter "Defs.' Reply"].)

**STANDARD OF REVIEW**

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

*1.     Failure to State a Claim Upon Which Relief Can Be Granted*

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *See Ledbetter v.*

4

*City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

**ANALYSIS**

*1.     Collateral Estoppel*

Defendants Hartley and Gonzales argue that the doctrine of collateral estoppel bars Plaintiff's Fourteenth Amendment claims. "Collateral estoppel simply means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). The Tenth Circuit has found that each of the following criteria must be present for collateral estoppel to apply:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to

the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*U.S. v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992).

Defendants assert that Plaintiff has filed a previous complaint with this court, *Keck v. Zenon, et al.*, 06-cv-02564-ZLW (D. Colo., filed December 22, 2006) [hereinafter "2006 case"].[1] (Defs.' Br. at 1.) The court dismissed Plaintiff's 2006 case as legally frivolous. (Defs.' Br., Ex. B.) The 2006 case was filed against Defendants Steven Hartley and Eugene Gonzales, along with another defendant not named in the current case. (Defs.' Br., Ex. A.) In the 2006 case, Plaintiff alleged violations of his Fourteenth Amendment right to due process because, *inter alia*, (1) he was placed into ad. seg. unlawfully and without the proper due process and hearing, and (2) Defendants tried to hide the fact that he was released into the general prison population and then placed back into ad. seg. without due process. (*Id.*) Defendants state that "[w]ith the exception of Mr. Keck's claim that the September 2004 hearing procedures were procedurally deficient, all the claims Mr. Keck brings in his current complaint were dismissed [in the 2006 case]." (Defs.' Br. at 3.) Therefore, Defendants argue, the doctrine of collateral estoppel precludes Plaintiff from re-litigating these claims. (*Id.*)

The first element that must be met for collateral estoppel to apply is that the issue previously decided must be identical with the one presented in the action in question. *Rogers*, 960

---

[1]The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The court will take judicial notice of the Prisoner Complaint and the Order and Judgment of Dismissal filed in case number 06-cv-02564-ZLW. These documents have been attached as Exhibits A and B to Defendants' Motion to Dismiss.

6

F.2d at 1508. In the 2006 case, Plaintiff presented a myriad of issues, including allegations that he was placed into ad. seg. unlawfully and without the proper due process and that Defendants tried to hide the fact that he was released from ad. seg. and returned to ad. seg. without proper due process.[2] (Defs.' Br., Ex. A.) In the current case, Plaintiff claims Defendants Hartley and Gonzales violated his rights to due process and equal protection by placing him into ad. seg. without a hearing and then trying to cover it up or hide it. (Am. Compl. at 7.) Because these claims are identical, the first element of the doctrine of collateral estoppel is satisfied.

The second element of the collateral estoppel doctrine is that the prior action has been finally adjudicated <u>on the merits</u>. 960 F.2d at 1508 (emphasis added). The court dismissed the 2006 case as legally frivolous. (Defs.' Br, Ex. B.) However, the court, in the Order and Judgment of Dismissal, did not substantively address Plaintiff's claims that Defendants Hartley and Gonzales violated Plaintiff's rights to due process and equal protection by placing him into ad. seg. without a hearing and then trying to cover it up or hide it.[3] (*Id.*) The court dismissed the 2006 case based on Plaintiff's inability to show that his transfer to the Colorado State Penitentiary was protected by the Due Process Clause of the Constitution. (*Id.*) The court also dismissed the 2006 case because Plaintiff failed to allege any fundamental right or suspect classification that

---

[2]These claims are buried in twenty-one pages of handwritten allegations in the Prisoner Complaint for the 2006 case. Plaintiff did not set forth with specificity his claims.

[3]In fact, in the Order and Judgment of Dismissal, the court did not recognize Plaintiff's claim that he was placed into ad. seg. unlawfully and without the proper due process except in the recitation of the facts of the case. The court did not mention even once Plaintiff's claim that Defendants tried to hide the fact that he was released from ad. seg. into the general prison population and then returned to ad. seg. without proper due process. (Defs.' Br., Ex. B.)

7

would have violated his equal protection rights. (*Id.*) Finally, the court dismissed the Eight

Amendments claims asserted in the 2006 case for lack of merit because he could not demonstrate

a denial of any of life's necessities.[4] (*Id.*) Therefore, it cannot be said that these issues were

finally adjudicated on the merits, as the court dismissed the 2006 case on other grounds. Because

the second element of collateral estoppel is not met, the court declines to address the remaining

two elements. The court finds that Defendants are incorrect that the doctrine of collateral

estoppel would bar Plaintiff's claims in the current case.

## 2.   *Res Judicata*

Defendants next argue that the doctrine of res judicata precludes Plaintiff from litigating or

re-litigating his current claims. (Defs.' Br. at 4–5.) As a general rule, res judicata requires the

satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2)

the parties must be identical or in privity; (3) the suit must be based on the same cause of action;

and (4) the party against whom the doctrine is asserted must have had a full and fair opportunity

to litigate the claim in the prior suit. *Nwosum v. General Mills Restaurants, Inc.*, 124 F.3d 1255,

1257 (10th Cir. 1997). Defendants have the burden to set forth facts sufficient to satisfy the

elements of res judicata. *Id.* In this case, the court has already determined that the prior suit did

not end with a judgment on the merits as it relates to the claims asserted by Plaintiff in this case.

Therefore, Defendants cannot satisfy the first element of the doctrine of res judicata, and the court

---

[4]Plaintiff has not asserted any violations of his Eighth Amendment rights in the current case.

declines to address the remaining three elements. The court finds that the doctrine of res judicata does not bar Plaintiff's claims in the current case.

## 3. *Statute of Limitations*

Finally, Defendants assert that Plaintiff's claims are barred by the two-year statute of limitations applicable to civil rights claims. (Defs. Br. at 6–7.) Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitations for § 1983 actions arising in Colorado is two years. *Id.* at 1266; Colo. Rev. Stat. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).

Plaintiff's claims are that Defendants Hartley and Gonzales violated his rights to due process and equal protection by placing him into ad. seg. without a hearing and then trying to cover it up or hide it and that Defendant Ritter[5] violated his constitutional rights by finding him guilty of a rule violation without sufficient evidence and witnesses. (Am. Compl. at 12.)

---

[5]It is unclear whether Plaintiff intends to include Defendants Hartley and Gonzales in his second claim for relief. Plaintiff did not name these two defendants at all in this claim, except to say, "[f]or these reasons and those stated in claim one I am sueing [sic] all 3 defendant's [sic] in their individual and official capacities." (Am. Compl. at 12.) Defendants Hartley and Gonzales, include both claims for relief in their motion to dismiss. (Defs.' Br.) Therefore, the court will address both claims as though they are being asserted against all defendants.

### a. *Claim One*

#### i. *Allegations of Violations of Due Process*

Plaintiff's claims that he was placed into ad. seg. without a hearing on October 10, 2004, are clearly barred by the two-year statute of limitations applicable to § 1983 cases. Plaintiff states in his Amended Prisoner Complaint that he wrote to Defendant Hartley on October 10, 2004, "explaining that [he] had not been notified of a [sic] ad. seg. hearing or given a hearing." (Am. Compl. at 4–5.) He further states that he wrote to Defendant Gonzales explaining the same thing. (Am. Compl. at 5.) Therefore, it is clear that Plaintiff knew or had reason to know of the existence and cause of the injury which is the basis of these claims on October 10, 2004, nearly three years before the filing of his initial Prisoner Complaint in this case.[6]

#### ii. *Allegations of Cover Up*

Plaintiff's claim that Defendants tried to conceal the fact that he was removed from ad. seg., placed back into the general prison population, and then returned to ad. seg. without due process is also time-barred by the two-year statute of limitations. Although the time period surrounding this alleged cover-up is not made clear in Plaintiff's pleadings, he made the same claims in his 2006 case.[7] In the Prisoner Complaint for the 2006 case, Plaintiff states that on January 6, 2005, he received a letter from Defendant Hartley which gave "a third story different from Warden Hartley's first letter and different from C.M. III Gonzales' story. . . ." (Defs.' Br.,

---

[6] Plaintiff's initial Prisoner Complaint in this case was filed May 14, 2007.

[7] The court previously took judicial notice under Fed. R. Evid. 201 of Plaintiff's Prisoner Complaint filed in case number 06-cv-02564-ZLW, attached as Exhibit A to Defendants' Motion to Dismiss.

Ex. A, ¶ 22.) Plaintiff then states he was transferred to Colorado State Penitentiary on February 11, 2005 (*Id.* ¶ 23) and approximately two weeks later he received his legal work, including all of his documents from the courts and the Department of Corrections (*Id.* ¶ 24.) Plaintiff asserts when he received this file, many documents were missing. (*Id.*) He contends that Defendants Hartley and Gonzales removed or caused to be removed the documents from his working file and personal legal work to hide how they had replaced him in ad. seg. unlawfully. (*Id.*) Plaintiff's statements place the date of removal of the documents and, hence, the alleged cover-up sometime between October 10, 2004, and February 2005. Plaintiff knew or had reason to know of the existence and cause of the injury which is the basis of this claim no later than February 2005, more than two years before the filing of his initial Prisoner Complaint in this case.     **b.**

### *Claim Two*

Plaintiff's claim that Defendants violated his constitutional rights by finding him guilty of a rule violation without sufficient evidence and witnesses during the hearing on September 24, 2004, is also time-barred the two-year statute of limitations. All of the allegations regarding this claim occurred in September 2004. All of these allegations are related to the claims asserted in Plaintiff's 2006 case and Claim One of his current case. It is clear that Plaintiff was aware of the procedural due process requirements for the hearing on the Rule 8 violation at the time that the hearing took place in September 2004. Plaintiff states in his Amended Prisoner Complaint that Defendant Ritter "knew he was violating my right's [sic] . . . and knew what right's [sic] [Plaintiff] had and [Plaintiff himself] told [Defendant Ritter] about [his] rights." (Am. Compl. at 11.) Plaintiff knew or had reason to know of the existence and cause of the injury which is the

11

basis of this claim in September 2004, nearly three years before the filing of his initial Prisoner Complaint in this case.

      *c.*        ***Continuing Violation Doctrine***

Plaintiff appears to argue that his claims constitute a continuing violation which tolls the statute of limitations. (Pl.'s Resp. at 11–12.) "The continuing violation doctrine permits a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations of Title VII if such incidents are sufficiently related and thereby constitute a continuing pattern of discrimination." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Defendants argue the continuing violation doctrine is inapplicable to § 1983 claims. (Defs.' Reply at 7–8.) It is true that the Tenth Circuit has held the continuing violation doctrine inapplicable to 42 U.S.C. § 1981 claims, reasoning the doctrine "is a creation of federal law that arose in Title VII cases" because "of the need to file administrative charges [in such cases]." *Thomas*, 111 F.3d at 1513–14. The court explained that "because a [§] 1981 claim does not require filing such charges before a judicial action may be brought, the continuing violation theory is simply not applicable." *Id.* However, the Tenth Circuit has made clear that, in contrast to § 1981 claims, the court has not "announced a precedential blanket rule that the continuing violation doctrine is inapplicable to § 1983 suits." *McCormick v. Farrar*, 147 Fed. Appx. 716, 719–20 (10th Cir. 2005). The court proceeded to assume, without deciding, that the continuing violation doctrine does apply to § 1983 actions. *Id.* at 720. For the purposes of this recommendation, this court will do the same, as this court finds the doctrine does not save Plaintiff's claims from being time-barred.

12

For the continuing violation doctrine to apply, there must be at least one act within the statutory filing period. *Id.*; *see Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1543 (10th Cir. 1987) (finding "there must be at least one instance of discriminatory practice within the filing period for the continuing violation theory to apply"). Here, Plaintiff alleges that he has not suffered one single injury but has been in ad. seg. for more than thirty-four months.[8] (Pl.'s Resp. at 11–12.) He states he suffers the conditions of this confinement every day. (*Id.*) However, these allegations are not sufficient to show a continuing violation by Defendants. Plaintiff was transferred to the Colorado State Penitentiary on February 11, 2005. (Defs.' Br., Ex. A, ¶ 13.) The claims are brought against Defendants in their individual and professional capacities as employees of the Arkansas Valley Correctional Facility. (Am. Compl. at 2, 8, 12.) Plaintiff does not allege any act committed by any of the defendants following his transfer to the Colorado State Penitentiary. Plaintiff has placed absolutely no evidence before the court that any of Defendants' alleged wrongdoings occurred beyond February 2005. A close review of Plaintiff's claims leads this court to conclude that Plaintiff has plead continual ill effects from original violations rather than continuing unlawful acts. Therefore, such claims accrued when the plaintiff knew or should have had reason to know that his rights were violated, which was, at the latest, February 2005. The court finds there is not continuing violation.

---

[8]This is as of the filing of Plaintiff's Response.

### d. *Equitable Tolling of Statute of Limitations*

Finally, Plaintiff cites *Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006), in opposition to Defendants' motion to dismiss. (Pl.'s Br. at 2, 12.) Plaintiff states that *Fogle* is a case "almost identical to [his] own." (*Id.* at 2.) In *Fogle*, the United States Court of Appeals for the Tenth Circuit found that a court cannot *sua sponte* dismiss a complaint by raising a statute of limitations defense that was "neither patently clear from the face of the complaint nor rooted in adequately developed facts." *Fogle*, 435 F.3d at 1258. In this case, the defendants have raised statute of limitations as a defense; it has not been raised *sua sponte* by the court. Therefore, *Fogle* can be distinguished from this case.

To the extent Plaintiff is asserting that his claims are not barred by the statute of limitations due to equitable tolling, this court disagrees. In another case in the United States District Court for the District of Colorado, Chief Judge Babcock found that equitable tolling did not apply where a defendant had filed a previous lawsuit in the same district which had been dismissed as legally frivolous. *Shupper v. Edie*, Civil Case No. 06–cv–01524–LTB–MJW, 2007 WL 867993, at *1, 5–6 (D. Colo. Mar. 20, 2007.) Judge Babcock found that Colorado's tolling provisions did not apply where Plaintiff was not "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability." *Id.* (citing 435 F.3d at 1258.) In this case, Plaintiff has not asserted that he is mentally incompetent or that he has any other legal disability. In addition, "[n]o Colorado court has held that an imprisoned person fell into the 'other legal disability' category." 435 F.3d at 1258 n.2.

14

Furthermore, in Colorado, "[g]enerally when a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him." *King v. W.R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982). *See SMLL, L.L.C. v. Peak Nat. Bank*, 111 P.3d 563, 565 (Colo. App. 2005). ("Absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action."); *Chilcott Entertainment L.L.C. v. John G. Kinnard Co.*, 10 P.3d 723, 726 (Colo. App. 2000) ("[T]he Colorado Supreme Court has stated that, absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action.") (citing *King*, 641 P.2d 916; *Cook v. G.D. Searle & Co.*, 759 F.2d 800 (10th Cir. 1985) (recognizing that Colorado law indicates a policy disfavoring tolling by mere pendency of prior action)). "The closest statute on this issue is Colo. Rev. Stat. § 13-80-111, which permits a plaintiff to refile an action within ninety days of the termination of an original action for lack of jurisdiction or improper venue." *Phillips v. Harrison*, 2005 WL 1773952, *2 n.4 (D. Colo. July 26, 2005). Plaintiff's 2006 case was not dismissed based upon lack of jurisdiction or improper venue, and the limitations period was not tolled during the pendency of that action. *See Nguyen v. Swedish Med. Ctr.*, 890 P.2d 255, 256 (Colo. App. 1995) ("[I]nasmuch as plaintiff's first action was dismissed for a procedural defect, not for lack of

jurisdiction, the remedial revival statute was inapplicable to plaintiff's second complaint.").

Therefore, Plaintiff's claims are barred by the statute of limitations.[9]

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the "Motion to Dismiss of Defendants Hartley and Gonzales" (#21) be GRANTED as being time-barred by the statute of limitations.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

---

[9]Plaintiff filed his original complaint in the 2006 case on December 22, 2006. Plaintiff's claims of violations of his due process rights related to being returned to ad. seg. without a hearing and related to the on Rule 8 hearing occurred in September 2004 and October 2004. Therefore, these claims would not survive the statute of limitations analysis even if equitable tolling were to apply to this case.

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge