IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00987-WYD-KMT

MICHAEL KECK,

    Plaintiff,

v.

STEVEN HARTLEY;
EUGENE GONZALES; and
LT. TIM RITTER,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I. <u>INTRODUCTION</u>

This matter is before the Court on the Defendants' Motion to Dismiss of Defendants Hartley and Gonzales (docket #21), which was filed on July 24, 2007. The matter was initially referred to Magistrate Judge Boland for a Recommendation by Order of Reference dated July 24, 2007. However, this case was reassigned to Magistrate Judge Tafoya on January 9, 2008. Magistrate Judge Tafoya issued a Recommendation on February 25, 2008, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends therein that "the Motion to Dismiss of Defendants Hartley and Gonzalez be granted as being time-barred by the statute of limitations." Recommendation at 16.

Magistrate Judge Tafoya advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation. *Id.* at 16-17. On March 6, 2008, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Defendants filed a response to the objections on March 10, 2008.

II.  BACKGROUND

Plaintiff's Amended Prisoner Complaint, filed on June 11, 2007, alleges that the Defendants violated his constitutional rights. Specifically, Plaintiff claims that while he was incarcerated at the Arkansas Valley Correctional Facility, Defendants Hartley and Gonzales violated his Fourteenth Amendment due process and equal protection rights by placing him into administrative segregation after completion of his punitive segregation without a hearing and then attempted to conceal their actions. (Am. Compl. at 7.) Plaintiff also alleges that Defendant Ritter violated his constitutional rights by finding him guilty of a rule violation without sufficient supporting evidence. (Am. Compl. at 12.) Plaintiff claims that he has been in administrative segregation since October 10, 2004. (Am. Compl. at 5.)

III.  RECOMMENDATION

As stated earlier, Magistrate Judge Tafoya recommends that Defendants' Motion to Dismiss be granted and the case dismissed. Recommendation at 16. In her Recommendation, Magistrate Judge Tafoya noted that the Defendants argue that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the following

grounds: (1) Plaintiff is barred by collateral estoppel from re-litigating the same issue previously dismissed in his 2006 case; (2) Plaintiff is barred by res judicata from re-litigating the same issues previously dismissed in his 2006 case; and (3) Plaintiff's claims are barred by the two-year statue of limitations applicable to civil rights claims. Magistrate Judge Tafoya made the following findings.

A.  Collateral Estoppel

Magistrate Judge Tafoya first found that "[c]ollateral estoppel simply means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Recommendation at 5 (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). Magistrate Judge Tafoya further found that the following criteria must be present for collateral estoppel to apply:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Recommendation at 5-6 (quoting *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992)).

Magistrate Judge Tafoya found that although the Plaintiff filed a complaint with this Court in 2006, *Keck v. Zenon, et al.*, 06-cv-02564-ZLW, the second element of collateral estoppel was not satisfied. Plaintiff's 2006 case was dismissed by District Judge Weinshienk as legally frivolous. However, Magistrate Judge Tafoya found that

in her Order, Judge Weinshienk "did not substantively address Plaintiff's claims that Defendants Hartley and Gonzales violated Plaintiff's rights to due process and equal protection by placing him into ad. seg. without a hearing and then trying to cover it up or hide it." Recommendation at 7. Magistrate Judge Tafoya found that the Plaintiff's 2006 case was dismissed because of Plaintiff's failure to sufficiently allege either a due process violation or an equal protection violation. Thus, since it "cannot be said that these issue were finally adjudicated on the merits," the Recommendation finds that Plaintiff's case cannot be dismissed under the doctrine of collateral estoppel. Recommendation at 8.

  B. <u>Res Judicata</u>

Next, Magistrate Judge Tafoya addressed the Defendants' argument that this matter should be dismissed under the doctrine of res judicata. She stated that "[a]s a general rule, res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the claim in the prior suit." *Id.* at 8 (quoting *Nwosum v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). Magistrate Judge Tafoya further noted that since she had "already determined that the prior [2006] suit did not end with a judgment on the merits as it relates to the claims asserted by Plaintiff in this case . . . Defendants cannot satisfy the first element of the doctrine of res judicata." Recommendation at 8. Thus, Magistrate Judge Tafoya found that the doctrine of res

judicata does not bar Plaintiff's claims in the instant case.

C. <u>Statute of Limitations</u>

Finally, Magistrate Judge Tafoya addressed the Defendants' third argument in support of its motion to dismiss that Plaintiff's claims are barred by the two-year statute of limitations applicable to civil rights claims. Magistrate Judge Tafoya stated the following in the Recommendation:

> [a]ctions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitations for § 1983 actions arising in Colorado is two years. *Id*. at 1266; Colo. Rev. Stat. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). 'The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.' *Id.* at 969. 'A civil rights action accrues when facts that would support a cause of action are or should be apparent.' *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).

Recommendation at 9. After carefully reviewing the pleadings and applying the law, Magistrate Judge Tafoya found that Plaintiff's first claim that he was placed into administrative segregation without a hearing on October 10, 2004 is "clearly barred by the two-year statute of limitations applicable to § 1983 cases. Recommendation at 10. In his Amended Complaint, Plaintiff states that he wrote to Defendant Hartley on October 14, 2004 that he had not been given a hearing. Thus, Magistrate Judge Tafoya found that "it is clear that Plaintiff knew or had reason to know of the existence and cause of the injury which is the basis of these claims on October 10,

2004, nearly three years before the filing of his initial Prisoner Complaint in this case." Recommendation at 10.

Magistrate Judge Tafoya also found that Plaintiff's claim that the Defendants tried to conceal the fact that he was removed from administrative segregation, placed back into the general prison population, and then returned to administrative segregation without due process is also time barred by the two-year statute of limitations. Magistrate Judge Tafoya found that "Plaintiff's statements place the date of removal of the documents and, hence, the alleged cover-up sometime between October 10, 2004, and February 2005. Plaintiff knew or had reason to know of the existence and cause of the injury which is the basis of this claim no later than February 2005, more than two years before the filing of his initial Prisoner Complaint in this case." Recommendation at 11.

The Recommendation also states that Plaintiff's second claim that the Defendants violated his constitutional rights by finding him guilty of a rule violation without sufficient evidence during the hearing on September 24, 2004 is time-barred by the two-year statue of limitations. Magistrate Judge Tafoya found that all of the allegations arising out of this claim occurred in September 2004. She also found that the Plaintiff was aware of the procedural due process requirements for the hearing on the rule violation at the time the hearing occurred in September 2004. Thus, "Plaintiff knew or had reason to know of the existence and cause of the injury which is the basis of this claim in September 2004, nearly three years before the filing of his initial Prisoner Complaint in this case." Recommendation at 11-12.

In the Recommendation, Magistrate Judge Tafoya rejected Plaintiff's argument that his claims constitute a continuing violation which tolls the statute of limitations. She found that "[f]or the continuing violation doctrine to apply, there must be at least one act within the statutory filing period. *Id.*; *see Furr v. AT&T Techs.*, Inc., 824 F.2d 1537, 1543 (10th Cir. 1987) (finding 'there must be at least one instance of discriminatory practice within the filing period for the continuing violation theory to apply')." Recommendation at 13. Magistrate Judge Tafoya found that Plaintiff did not provide any evidence "that any of Defendants' alleged wrongdoings occurred beyond February 2005." Recommendation at 13. Magistrate Judge Tafoya goes on to state that "[a] close review of Plaintiff's claims leads this court to conclude that Plaintiff has plead continual ill effects from original violations rather than continuing unlawful acts. Therefore, such claims accrued when the plaintiff knew or should have had reason to know that his rights were violated, which was, at the latest, February 2005." Recommendation at 13. Thus, there was no continuing violation.

Finally, Magistrate Judge Tafoya rejects the Plaintiff's argument that his claims are not barred by the statue of limitations due to equitable tolling. She found that

> [i]n another case in the United States District Court for the District of Colorado, Chief Judge Babcock found that equitable tolling did not apply where a defendant had filed a previous lawsuit in the same district which had been dismissed as legally frivolous. *Schupper v. Edie*, Civil Case No. 06–cv–01524–LTB–MJW, 2007 WL 867993, at *1, 5–6 (D. Colo. Mar. 20, 2007.) Judge Babcock found that Colorado's tolling provisions did not apply where Plaintiff was not 'a minor under eighteen years of age, a mental incompetent, or a person under other legal disability.' *Id.* (citing 435 F.3d at 1258.) In this case, Plaintiff has not

> asserted that he is mentally incompetent or that he has any
> other legal disability. In addition, '[n]o Colorado court has
> held that an imprisoned person fell into the 'other legal
> disability' category.' 435 F.3d at 1258 n.2.

Recommendation at 14. Thus, Magistrate Judge Tafoya found that Plaintiff's claims are barred by the statute of limitations.

Based on the above findings, Magistrate Judge Tafoya recommends that Defendant's Motion to Dismiss of Defendants Hartley and Gonzales be granted, and this case be dismissed with prejudice.

## IV. <u>PLAINTIFF'S OBJECTIONS</u>

On March 6, 2008, Plaintiff filed a timely objection. As a preliminary matter, I point out that it was difficult to determine what Plaintiff's objections to Magistrate Judge Tafoya's Recommendation were. Plaintiff's objections consist of arguments as to why the Plaintiff did not allow the two-year statute of limitations period to run. Plaintiff seems to argue that since he has previously filed cases in state court, he sufficiently put the Defendants on notice that he was taking legal action. Despite the nebulous nature of Plaintiff's objections, I will address them to the extent to which I can ascertain what is being objected to.

First, Plaintiff objects to the Recommendation because it states that Plaintiff should have filed this case within the two-year time period allowed by the Federal Rules of Civil Procedure. According to Plaintiff, the two-year statute of limitations "does not count against Plaintiff as long as he had put the Defendants on notice that he was taking legal action and then proceeded with that legal action." Objection at 2. Again,

Plaintiff argues that because he has filed numerous actions in state court, this is sufficient to put the Defendants on notice. Plaintiff goes on to list the cases he has previously filed including: (1) a 2006 state habeas corpus action in Crowley County, Colorado; (2) a 2006 state court case requesting injunctive relief in Fremont County, Colorado; and (3) a 2006 §1983 prisoner complaint, which was later dismissed by District Judge Weinshienk. Finally, Plaintiff argues that under *Schupper*, he is not time-barred from bringing his claims.

Turning to my analysis, I reject Plaintiff's Objections. First, Plaintiff does not dispute that this case was filed more than two years after any alleged action taken by the Defendants. Second, pursuant to controlling federal law, Plaintiff's civil rights action accrued when "facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). In his Objection, Plaintiff does not dispute that he was aware of the facts underlying his cause of action more than two years before he filed his Amended Prisoner Complaint in this case. Finally, Plaintiff argues that equitable tolling revives his case pursuant to *Schupper*. However, as Magistrate Judge Tafoya found in her Recommendation, *Schupper* held that Colorado's tolling provisions did not apply to minors under the age of eighteen, mental incompetents, or anyone under other legal disability. *Schupper*, 2007 WL 867993 at *5. In his Objection, Plaintiff does not assert that he is a minor, incompetent, or under a legal disability. Thus, *Schupper* does not apply to this case.

Plaintiff makes several other conclusory objections including an allegation that "according to the Federal Civil Rules, the 2 year time period does not count against

plaintiff as long as he had put the Defendants on notice that he was taking legal action . . . ." Objection at 2. Plaintiff also states that "[b]efore plaintiff began his Federal pursuit of legal action, he first tried to resolve the issue through the state court. Because plaintiff did this and can offer proof, the recommendation by the magistrate judge can not prevail." Objection at 2. However, Plaintiff offers no authority or supporting documentation for these conclusions.

Therefore, I agree with Magistrate Judge Tafoya that Plaintiff's claims are time-barred. Magistrate Judge Tafoya's Recommendation on this issue is well reasoned and is adopted. Accordingly, these objections are overruled. To the extent Plaintiff asserts other objections, I find no merit to them.

Accordingly, the Recommendation of Magistrate Judge Tafoya is affirmed and adopted. Defendants' motion to dismiss is granted.

V.  CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Tafoya (docket #37) dated February 25, 2008 is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the Defendants' Motion to Dismiss of Defendants Hartley and Gonzales (docket #21) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

Dated: March 19, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge